UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA GARDNER, also known as Sabrina Ann Gardner,<br><br>       Plaintiff,<br><br> -against-<br><br>LARRY J. MERLO, CEO; CVS CORPORATION; CVS CAREMARK; AETNA CORPORATION; CVS /AETNA HEALTHCARE CORPORATION; ALAN PARKER CEO (PRESIDENT); TIMOTHY SLOAN; JOHN STUMPF; WELLS FARGO CORPORATION; WALTER W. BETTINGER, II; JOSEPH R. MARTINETTO; BERNARD J. CLARK; MARIE A. CHANDONA; PETER CRAWFORD; CHARLES SCHWAB CORPORATION,<br><br>       Defendants. | 19-CV-6701 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action invoking the Copyright Act, 17 U.S.C. § 101 *et seq.* By order dated August 14, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses Plaintiff's complaint.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] This action was transferred in from the United States District Court for the District of Columbia.

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that she copyrighted certain "intellectual property" in 2011 and 2016.[2] In 2018, Plaintiff looked for rental space for her "retail educational health and wellness academy in chronic disease management." She created a limited liability company and met with the manager of a mall in Garden City, New York, regarding potential retail space.

Plaintiff invited the President of Wells Fargo via email to "the first annual gala for the Diabetes Health and Wellness Academy of N.Y.C." but received no response. Plaintiff also contacted several brokers and banks, seeking to use "her intellectual property as a collateral for funding." For example, in February and March 2018, Plaintiff spoke with several Wells Fargo employees, but these "Wells Fargo contacts stated after hearing the mission for the academy that they were not able to assist" her. Plaintiff also reached out to Bank of America, Barclays, JP Morgan Chase, Merrill Lynch, Charles Schwab, PNC and others "via phone and Linked In social media platform."

---

[2] According to public records of the U.S. Copyright Office, Plaintiff registered a copyright for print material titled *Schools for Diabetes Health and Wellness* on March 25, 2011. In 2016, Plaintiff filed a copyright application titled *Diabetes Health and Wellness Academy of N.Y.C./Home School & Community Health Initiative*, which includes print material previously registered as Schools for Diabetes Health and Wellness. On March 12, 2012, Plaintiff registered an application for text titled *Gardner's Health Book for Chronic Disease and Prevention*.

2

On November 8, 2018, CVS and Aetna Healthcare launched a "$70 billion dollar merger," which will result in "over 10,00 retail location stores." Plaintiff objects to that merger and has reached out to the Federal Bureau of Investigation and the Federal Trade Commission about her objections.

Plaintiff contends that "[d]ue to the infringement, plagiarizing, and conversion of the plaintiff(s) intellectual property and the violating of 17 U.S. Code 501, Plaintiff is unable to promote/launch and obtain funding." (Compl. at 5.) Plaintiff attaches letters that she wrote to CVS and Aetna stating that she has a copyright in "works" including education and training, chronic disease management, health, and wellness by means of "specialist[s], counseling, . . . and support systems in various ways which include food, clothing, healthy living, mentorship, counseling." (Compl. 1-2 at 12.) Plaintiff seeks $35 billion in damages and to enjoin Aetna and CVS from harming her business.

Plaintiff brought a prior action for copyright infringement against Mayor Bill DeBlasio and the New York City Department of Education, alleging that Mayor DeBlasio's school reform plan had "significant similarities to her program for her upcoming academy[,] the Diabetes Health and Wellness Academy of N.Y.C.." *Gardner v. DeBlasio*, No. 15-CV-9390 (LAP) (S.D.N.Y. Aug. 30, 2016). District Judge Loretta A. Preska dismissed that action, and the Court of Appeals dismissed Plaintiff's appeal. *Gardner v. DeBlasio*, No. 16-3429 (2d Cir. Feb. 6, 2017) (holding that "the appeal is DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)").

## DISCUSSION

### A. Copyright Infringement

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). In order to establish a claim

3

of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010).

It is a fundamental principle of copyright law that "a copyright does not protect an idea, but only the expression of an idea." *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993); 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea [,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 50 (2d Cir. 1986) (noting that historical events are "in the public domain and beyond the scope of copyright protection."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman"); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff seems to allege that CVS and Aetna infringed her copyrights by opening retail wellness centers or clinics. The general idea of providing medical care in a retail setting is not protectable. Plaintiff does not allege, for example, that Defendants copied any of the text from her copyrighted work titled *Gardner's Health Book for Chronic Disease and Prevention*, or

any other tangible expression of Plaintiff's ideas. Plaintiff thus fails to state a claim against any Defendant for copyright infringement.

Plaintiff appears to contend that she was unable to obtain funding for her proposals or launch her diabetes academy because CVS and Aetna usurped her idea for medical care in a retail setting. Plaintiff alleges, for example, that "[d]ue to the infringement, plagiarizing, and conversion of the plaintiff(s) intellectual property and the violating of 17 U.S. Code 501, Plaintiff is unable to promote/launch and obtain funding." (Compl. at 5.) She sues Wells Fargo, Charles Schwab, and their employees, presumably for declining to fund Plaintiff's project. Plaintiff has not identified any legal theory that would require Defendants to lend to her or allow Plaintiff to use "her intellectual property as a collateral for funding." Although Plaintiff states that Defendants have "violated plaintiff's rights to become a Minority Women's Business Enterprise," she does not plead any facts suggesting that her race or sex played a role in Defendants lending determination; on the contrary, Plaintiff alleges that she was unable to obtain funding for her project because CVS and Aetna opened retail clinics.

The Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although Plaintiff's complaint gives little indication that a valid claim might be stated, the Court grants Plaintiff leave to replead within 30 days of the date of this order.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead within 30 days of the date of this order. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6701 (CM). The Clerk of Court is directed to mail a general Amended Complaint form with this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 19, 2019
       New York, New York

                                                     COLLEEN McMAHON
                                                     Chief United States District Judge